**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
 d.bradley@mpglaw.com

Attorneys for Defendant TRANS UNION LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEAN FRANCIS PACE,<br><br>        Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA CORPORATION, TRANSUNION CORPORATION, EQUIFAX INC., EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | CASE No. 2:11-cv-02184 CBM (JEMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

Considering the foregoing Motion:

IT IS ORDERED that the Defendants' Motion for Protective Order is hereby GRANTED and that following Protective Order is ENTERED in its entirety.

754051.1

# PROTECTIVE ORDER

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets[1], confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.  This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are specifically identified by Paragraph 12 of this Order and in accordance with the terms hereof.  This Order shall not apply to documents previously produced in discovery prior to the date of this Order.

2.  Documents or other materials identified in Paragraph 12 of this Order shall be stamped or otherwise marked on the front of the document or portion(s) thereof "Confidential" by the designating party.

3.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party who intends to file such papers shall give five business days' notice to the party who designated such materials as "Confidential," so that the designating party has the opportunity to file the application required pursuant to Central District Local Rule 79-5.1 for such papers to be filed under seal.  The filing

---

[1] The term "trade secrets" as defined by California Civil Code § 3426.1: shall be fully incorporated here as: "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

**MUSICK, PEELER & GARRETT LLP**

ATTORNEYS AT LAW

754051.1

2

party shall cooperate with the designating party to allow the application to be filed along with the Confidential documents or information.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact and trial witnesses per se subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts (whether designated testifying experts or used as consultants only) used in connection with this litigation.

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from

disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. The requirement to return confidential documents to the designating party does not include any documents in the Court's possession, but does include copies of such documents in any party's possession.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall follow the procedures set forth in Central District Local Rule 37. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

**GOOD CAUSE STATEMENT**

12. The Defendants seek confidential protection for all documents, testimony, transcripts or other materials in this action produced by any party or non-party and the information contained therein. The documents to be produced by defendants Experian, Equifax, and Trans Union contain critical information regarding their computer systems involved in credit reporting.  These defendants' credit-reporting businesses rely on the use of their computer hardware and software. Experian, Equifax, and Trans Union have each worked hard and incurred great cost to update their computer hardware and software to create the best possible credit-reporting system.

13. In order to operate national credit reporting services, defendants, Experian, Equifax, and Trans Union, had to design its unique computer systems to process information received from tens of thousands of diverse lenders and other entities involved in the credit industry, from the public record and from other sources.  Extremely sophisticated and unique computer software design was necessary to allow these defendants to process that information in the form of credit reports as accurately as possible when a customer applies for credit.  Defendants Experian, Equifax, and Trans Union have each spent hundreds of millions of dollars and countless hours of employee time developing their unique and sophisticated computer systems.

14. The sophistication of Experian's, Equifax's, and Trans Union's computer systems are major advantages for each in the marketplace.  Were information about their highly sophisticated computer systems to get into the hands of its competitors, it would enable the competitors to enhance their own systems

and, in so doing, remove the marketing edge currently enjoyed by them.  Similarly, were information about their design and workings to get into the hands of a would-be competitor, it would greatly facilitate that would-be competitor's efforts to develop its own sophisticated computer system.  Each of these would have a serious financial impact on Experian, Equifax, and Trans Union.  Were this same type of information to get into criminal hands, it would facilitate the efforts of those who seek to improperly access these defendants' files on consumers and perpetrate identity fraud.  It would also facilitate the efforts of those who seek to make changes to information in consumers' files.  In addition to impairing the privacy of consumers, such actions could lead to a loss of confidence in defendants, Equifax, Experian and Trans Union.  This loss of confidence, critical in the credit reporting business, could put Equifax, Experian and Trans Union out of business.

15.    Defendants will be disclosing Plaintiff's sensitive personal information, and confidential information of other individuals may also be disclosed.  It is extremely important that this information remain protected and not be readily available due to the dangers of identity theft.

IT IS SO ORDERED.

Dated:  September 28, 2011                    /s/John E. McDermott_____
                                                              Hon. John E. McDermott
                                                              United States Magistrate Judge

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20__.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

///
///
///

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ___ day of _____, 20__ at _____.

_____
QUALIFIED PERSON

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On September 8, 2011, I served true copies of the following document(s) described as **ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 8, 2011, at Costa Mesa, California.

          */s/ April M. Yusay*
          April M. Yusay

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW

754051.1